# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3527

_____

| | | |
|---|---|---|
| The Auto Club Group, as successor-in-interest to North Dakota Automobile Club, | * * * * | |
| Appellant, | * * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of North Dakota. |
| John B. Wimbush, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: June 11, 2008
Filed: August 1, 2008

_____

Before SMITH and GRUENDER, Circuit Judges, and ROSENBAUM,[1] District Judge.

_____

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, sitting by designation.

PER CURIAM.

The Auto Club Group ("ACG") appeals the district court's[2] judgment following a bench trial in this declaratory judgment action to determine the amount owed to John B. Wimbush pursuant to a deferred compensation agreement. We affirm.

Wimbush was the Chairman, President, and CEO of the North Dakota Automobile Club ("NDAC"), an affiliate member of the American Automobile Association ("AAA National"). In 1981, Wimbush and NDAC's board of directors executed a deferred compensation agreement. On June 6, 2000, Wimbush and NDAC amended this deferred compensation agreement to include Article II, Section 2.1, which provided that NDAC would pay Wimbush, starting on October 1, 2005, a "Monthly Amount" equal to the sum of a base amount and an additional payment. The base amount was $10,337 per month and increased annually by four percent every year beginning on June 1, 2001. The additional payment was defined by Section 2.1(B)(ii) as:

> An amount equal to the tax benefit from the payment of the base amount including this additional payment, that would accrue to a for profit corporation based on the current highest corporate tax bracket, including both federal and North Dakota income taxes.

In 2001, ACG expressed an interest in acquiring NDAC. ACG and NDAC executed a merger agreement that required ACG to honor NDAC's employment contracts, but the merger was contingent on AAA National's approval. AAA National refused to approve the merger because it was concerned that NDAC did not have the financial ability to fund Wimbush's compensation and benefits package, which included the deferred compensation agreement.

---

[2]The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota.

In response, Wimbush made several concessions to reduce the value of his compensation and benefits package. On May 8, 2001, NDAC and Wimbush executed an amended deferred compensation agreement, although the language in Section 2.1(B)(ii) remained unchanged. AAA National then approved the merger after these concessions, all of which became effective on September 25, 2001.

On October 1, 2005, NDAC made the first monthly payment to Wimbush in the amount of $12,185.48. Wimbush returned the check claiming it was insufficient under the deferred compensation agreement. ACG filed a diversity action in federal district court seeking a declaratory judgment that it had correctly determined the amount due to Wimbush under the deferred compensation agreement. The disagreement centered on the calculation of the additional payment as defined in Section 2.1(B)(ii). ACG argued that the term "current highest corporate tax bracket, including both federal and North Dakota income taxes" in Section 2.1(B)(ii) was forty percent, which was the highest effective corporate tax rate, a rate that accounts for the fact that state income taxes are deductible from federal taxes. ACG also claimed that the calculation of the tax benefit from the additional payment required the use of either a "one step gross up" or a "two step gross up" method.[3] Wimbush argued that the term "current highest corporate tax bracket, including both federal and North Dakota income taxes" meant simply adding the highest federal corporate tax rate to

---

[3]A "one step gross up" method requires taking the monthly "base amount" and multiplying by the rate of the "current highest corporate tax bracket" to arrive at the additional payment. A "two step gross up" method requires taking the monthly "base amount" and multiplying by the rate of the "current highest corporate tax bracket" to arrive at an intermediate amount; this intermediate amount is then multiplied by the value of the "current highest corporate tax bracket" to arrive at a second intermediate amount. The additional payment is then the sum of the first and the second intermediate amounts.

the highest North Dakota corporate tax rate for a total of forty-six percent, and that an "algebraic gross up" method was required to calculate the additional payment.[4]

The district court agreed with Wimbush and held that the "current highest corporate tax bracket, including both federal and North Dakota income taxes" meant the sum of the highest federal and North Dakota corporate tax rates, forty-six percent, and that the calculation of the additional payment required the use of an "algebraic gross up" method.

Upon careful review of the record on appeal, we find no basis for reversal. None of the district court's relevant findings of fact is clearly erroneous, and we find no errors of law. *See Eckert v. Titan Tire Corp.*, 514 F.3d 801, 804 (8th Cir. 2008) ("When the district court conducts a bench trial[,] . . . we review the district court's fact finding[s] for clear error, and we review legal conclusions and mixed questions of law and fact de novo."); *Consol. Elec. & Mechs., Inc. v. Biggs Gen. Contracting, Inc.*, 167 F.3d 432, 434 (8th Cir. 1999) (stating that a finding is clear error if, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed") (internal quotations omitted).

Accordingly, we affirm for the reasons stated in the district court's thorough and well-reasoned opinion. *See* 8th Cir. R. 47B.

_____

[4]An "algebraic gross up" method is a reverse circular equation that determines the additional payment by dividing the monthly "base amount" by (1 - the sum of the current highest federal and state corporate tax rates).